IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASISAH NAEBKHAIL,

      Plaintiff,                    No. CIV S-04-1192 KJM

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.                <u>ORDER</u>

          /

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated January 28, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe cervical thoracic strain but no listed impairment; plaintiff is not substantially credible; plaintiff has the residual functional capacity to perform medium work with no nonexertional limitations; plaintiff has no past relevant work experience; and based on the Medical-Vocational Guidelines, plaintiff is not disabled. Administrative Transcript ("AT") 12-13. Plaintiff contends the ALJ committed error at step two by not finding a severe impairment due to plaintiff's hand limitations; failed to

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1 develop the record regarding a mental impairment; and should have obtained the testimony of a
2 vocational expert.

3 II. Standard of Review

4       The court reviews the Commissioner's decision to determine whether (1) it is
5 based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
6 record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
7 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
8 Substantial evidence means more than a mere scintilla of evidence, but less than a
9 preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
10 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a
11 reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402
12 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
13 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler,
14 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
15 detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
16 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of
17 supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If
18 substantial evidence supports the administrative findings, or if there is conflicting evidence
19 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
20 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
21 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
22 1335, 1338 (9th Cir. 1988).

23 III. Analysis

24   A. Severe Impairment

25      Plaintiff contends the ALJ improperly assessed the severity of her hand
26 impairment. An impairment is "not severe" only if it "would have no more than a minimal effect

1  on an individual's ability to work, even if the individual's age, education, or work experience
2  were specifically considered." SSR 85-28.  The purpose of step two is to identify claimants
3  whose medical impairment is so slight that it is unlikely they would be disabled even if age,
4  education, and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct.
5  2287 (1987).  "The step-two inquiry is a de minimis screening device to dispose of groundless
6  claims."  Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996); see also Edlund v. Massanari,
7  253 F.3d 1152, 1158 (9th Cir. 2001).

8        Plaintiff argues the ALJ failed to recognize as a severe impairment her hand
9  limitations.  The burden is on plaintiff at step two of the sequential evaluation.  See Tidwell v.
10 Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  Counsel for plaintiff, however, has offered no
11 meaningful argument in support of the claim that the ALJ erred at step two.  A mere recitation of
12 a medical diagnosis does not demonstrate how that condition impacts plaintiff's ability to engage
13 in basic work activities.  Put another way, a medical diagnosis does not an impairment make.

14       Although there is evidence in the record that plaintiff had subjective complaints of
15 pain in her hands, plaintiff does not challenge the ALJ's credibility finding rejecting plaintiff's
16 excessive complaints of pain.  AT 11, 28-29, 84, 89, 116, 149.  Moreover, plaintiff reported to
17 her treating physician in September 2003 that her hands were "better now."  AT 163.  The
18 treating physician, Dr. Sheikh, found Tinel's sign[2] to be negative.  AT 149, 163, 164.  Plaintiff
19 also does not challenge the ALJ's rejection of the treating physician's opinion that plaintiff was
20 limited to sedentary work due to carpal tunnel syndrome, peripheral neuropathy and neck pain.
21 AT 12, 160.  Instead, the ALJ relied on the findings of the consultative orthopedist, who found
22 no limitations due to any hand impairment.  AT 11, 126-130.  There was no error in the step two
23 analysis.

24 /////

---

[2] Diagnosis of carpal tunnel syndrome is indicated by a positive Tinel's sign.  The Merck Manual 492 (17th Ed. 1999).

B.  Development of the Record

Plaintiff contends the ALJ failed to properly develop the record because a consultative psychiatric examination was not obtained.  Disability hearings are not adversarial.  See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996) (ALJ has duty to develop the record even when claimant is represented).  Evidence raising an issue requiring the ALJ to investigate further depends on the case.  Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir.1991).  "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288.)

Plaintiff did not allege depression as a basis of disability.  AT 59, 84, 89.  Other than Dr. Sheikh's conclusion that plaintiff suffered "depression due to aches, pains and medical problems," the record is devoid of any diagnosis or treatment for depression.  AT 149, 160-164.  There is simply no ambiguity in this record with respect to a possible mental impairment that required further development by the ALJ.

C.  Vocational Expert

Plaintiff contends vocational expert testimony was required because of plaintiff's nonexertional limitations.  The Medical-Vocational Guidelines ("the grids") are in table form.  The tables present various combinations of factors the ALJ must consider in determining whether other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring).  The factors include residual functional capacity, age, education and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

/////

/////

5

1    There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns: "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983). The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional capabilities.[3] Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).

   Plaintiff contends she has nonexertional limitations due to difficulties with her hands and because she needs to alternate sitting with standing in order to relieve pain. As discussed above, the ALJ properly found no hand limitations. Plaintiff's argument with respect to the need to alternate sitting or standing, however, is persuasive. While relying on the opinion of the consulting orthopedist in finding plaintiff could perform the full range of medium work, the ALJ ignored the nonexertional limitation found by that doctor, that plaintiff "should be able to alternate between sitting and standing every hour and a half in order to relieve pain or discomfort." AT 11, 130. The opinion of the nonexamining agency physician, which did not include this limitation, cannot serve as a basis for rejecting the opinion of the examining

---

[3] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a (b); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 6 (9th Cir.1989).
   Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

1  physician, nor was this issue even addressed by the ALJ.  Lester v. Chater, 81 F.3d 821, 830 (9th

2  Cir. 1995).  Moreover, the need to alternate sitting and standing is not inconsistent with the other

3  evidence of record.

4        At step five, "[i]n order to meet [the Commissioner's] burden, when a claimant

5  must alternate periods of sitting and standing, the ALJ is directed to consult a vocational expert."

6  DeLorme v. Sullivan, 924 F.2d at 850; see also SSR 83-12 (where claimant must alternate

7  periods of sitting and standing, such claimant is defined as functionally not capable of doing

8  either the prolonged sitting contemplated in the definition of sedentary work or the prolonged

9  standing or walking contemplated for most light work and vocational expert must be consulted).

10 Because plaintiff has a significant nonexertional limitation not encompassed within the grids, the

11 matter will be remanded so that vocational expert testimony may be taken.

12       For the foregoing reasons, this matter will be remanded under sentence four of 42

13 U.S.C. § 405(g) for further development of the record and further findings after a vocational

14 expert is consulted.

15       Accordingly, IT IS HEREBY ORDERED that:

16       1.  Plaintiff's motion for remand is granted;

17       2.  The Commissioner's cross-motion for summary judgment is denied; and

18       3.  This matter is remanded for further proceedings consistent with this order.

19 DATED: September 28, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006/naebkhail.ss